The Texas & Pacific Railway Company v. R. B. Kuteman.

No. 3120.

1.   **Discrimination in Freight Rates by Railway.**—Construing article 4257,
Revised Statutes, we can not agree that it is only where the freight is being transported
between the same points that the prohibition against charging more for a less distance
than a greater one applies.

2.   **Injunction Restraining Damage Suits in Justices' Courts.**—It appearing
that one of the actions sought to be enjoined may be appealed to the Court of Appeals,
the legal remedy being open it would be improper for the District Court to interfere
by injunction with the suits in the Justice Court against the appellant upon alleged
unjust discrimination in freight rates.

Appeal from Wood.   Tried below before Hon. Felix J. McCord.
The opinion gives a statement of the case.

*Whitaker & Bonner,* for appellant.— 1.  When a railway company car-
ries lumber from a group of mills situated at different points along its
line, and charges all the mills with a uniform set of rates in respect of

such carriage, such grouping of rates is reasonable and proper, and does not constitute an overcharge or extortion as against the owner of the mill lying nearest the point of destination. Railway v. Rust, 58 Texas, 98; Colliery Co. v. Railway, 26 Am. and Eng. Ry. Cases, 293, *et seq.;* Rogan v. Aiken, 9 Am. and Eng. Ry. Cases, 201, 207; Munhall v. Railway, 5 Am. and Eng. Ry. Cases, 337, and note; Business Men's Assn. v. Railway, 34 Am. and Eng. Ry. Cases, 724–735; Manfrs. Union v. Railway, 1 Interstate Com., 629; 8 Am. and Eng. Encyc. of Law, 965, and cases cited in note.

2.    When the petition discloses that the defendant has availed and was about to avail himself of his right to bring separate suits arising out of the same state of facts, in order to vex and harrass the plaintiff by a multiplicity of suits, there was no adequate protection except by injunction, and an injunction to restrain the defendant from bringing and prosecuting several suits is the proper remedy. Railway v. Dowe, 70 Texas, 1.

*W. M. Giles*, for appellee. — 1. A railway company carrying lumber from mills situated at different points over a large scope of territory, and charging all the mills the same rates to the same point of shipment, such grouping of rates constitutes an overcharge or extortion by such carriers as against the owners of the mill nearest the point of destination or market. 2 Sayles' Civ. Stats., arts. 4227b (sec. 2), 4257, 4258b (sec. 6); Hutch. on Carr., pp. 262, 263, sec. 447, and authorities.

2.    A court of equity will not restrain the bringing of suits as the right accrues to bring them, and will not restrain the plaintiff from trying his suits already filed, when the defendant has his remedy or defense at law and has his right of appeal and does not show that he has exhausted said remedy. 2 Sayles' Civ. Stats., art. 2874; Jordan v. Corley, 42 Texas, 284; Nevins v. McKee, 61 Texas, 412; Odom v. McMahon, 67 Texas, 292; Fitzhugh v. Orton, 12 Texas, 4; Rotzein v. Cox, 22 Texas, 62; Pryor v. Emerson, 22 Texas, 162; Jones v. Stallsworth, 55 Texas, 138; Dunn v. Austin, 77 Texas, 139, and authorities cited; 70 Texas, 1.

HENRY, ASSOCIATE JUSTICE. — This suit was brought by appellant to enjoin appellee from prosecuting against it a multiplicity of suits for damages upon charges of unjust discrimination against him for the transportation of lumber over appellant's railway.

The petition for injunction shows that appellant company operates a line of railway through the State of Louisiana and into and through the State of Texas from east to west; that it is largely engaged in the transportation of lumber from Louisiana and the eastern part of the State of Texas, where it is manufactured extensively; that for the transportation of this lumber, in order to put all manufacturers on an equality and to afford the consumers a cheap price, it has established what is commonly

known as group rates—that is, for all lumber shipped from points on its line between the State line on the east and Lake Fork (defendant's location) on the west to points west it charges the same rate. The defendant, who may be fifty or one hundred miles nearer the market, is charged the same rate as the manufacturer who may be fifty or one hundred miles further off. For all lumber originating on its line in Louisiana*and received by it from other lines of railway appellant charged 1¼ cents per hundred more.

That defendant threatened and intended to institute numerous suits in the Justice Court, suing separately for the pretended extortion on each car of lumber, or at least combining the amounts so as to make them in each suit less than $100, from which no appeal lies higher than the County Court. That he repeatedly boasted that the justice would give him judgment, and if appealed to the County Court that court would do likewise.

The appellant further alleges that at the time of bringing this suit there was pending in the County Court of Wood County, on appeal from the Justice Court, a suit brought by defendant against appellant wherein judgment had been rendered in the Justice Court for the sum of $95.61, the amount sued·for, and the amount of the alleged extortion in four cases of lumber shipped by defendant over appellant's line. That there was also pending in the County Court of Wood County a suit brought by defendant against appellant for a penalty of $500, prescribed by article 4257, Revised Statutes, for unjust discrimination in rates or charges for the transportation of freight, alleging that on a car of lumber weighing 24,500 pounds he was charged the sum of $52, or 21¼ cents per 100 pounds, for its transportation from Lake Fork to Weatherford, Texas, whereas lumber was carried for other manufacturers by appellant a greater distance (but not between the same points) for the sum of 20 cents per 100 pounds. That by said suit appellee, Kuteman, claims that group rates. which fix a common and uniform rate of freight from a given territory to common points of destination are unlawful.

The District Court dissolved the injunction and dismissed the petition.

The substance of the plaintiff's contention is that under a correct construction of the statute upon the subject the defendant had no cause of action against it, and that the equitable powers of the District Court should be exercised to prohibit litigation against it in the Justice Court.

The clause of the statute drawn in question reads as follows:

"No unjust discrimination in the rates or charges for the transportation of any freight shall be made against any person or place on any railroad in this State; and it shall be prima facie evidence of an unjust discrimination for any railroad company to demand or receive from one person, firm, or company a greater compensation than from another for the transportation in this State of any freight of the same kind or class in equal or greater quantities for the same or a less distance, which prima

facie evidence may be rebutted by competent testimony on part of such company showing that the discrimination, if any, was not an unjust one; and the question upon an issue as to whether any alleged discrimination is unjust or not shall be a question of fact, to be tried and determined as any other issue of fact in a case." Rev. Stats., sec. 4257.

We can not agree with appellant in its contention that it is only where the freight is being transported between the same points that the prohibition against charging more for a less distance than a greater one applies.

If the statute would bear the construction contended for by the railroad company, still we do not think that the most liberal interpretation of the rules under which courts of equity interpose by injunction in such cases would justify their application in this case. Railway v. Dowe, 70 Texas, 6.

The petition shows that one of the suits of which the plaintiff complains may be appealed to the Court of Appeals if the decision of the County Court is adverse to it.

While that remedy is open it would be improper for the District Court to interpose an injunction under any view of the meaning of the statute.

The judgment is affirmed.

*Affirmed.*

Delivered November 28, 1890.

Motion for rehearing was transferred to Galveston and there overruled.

*Whitaker & Bonner* and *R. S. Lovett,* for motion