The Gulf, Colorado & Santa Fe Railway Company
v. W. W. Bacon et al.

No. 60.

**1. Injunction will not be Granted where Legal Remedy Exists.** Injunction was sought to restrain the prosecution of two suits in a Justice Court, one by each of two partners, for damages; one suit being for $19.25, the other for $19. *Held*, that the defendant could have had the suits consolidated, and the right of appeal existing in the consolidated suit, the injunction was properly refused.

**2. Injunction to Prevent Multiplicity of Suits.** — The petition assigning no reason for an averment that the justice would refuse to allow a consolidation of the suits, other than his general incapacity or disinclination to decide justly in cases of this nature, this court will not assume, merely because alleged, that the justice would deny any right to the defendant in such suits.

Appeal from Bell. Tried below before Hon. W. A. Blackburn.

*J. W. Terry*, for appellant.—1. The petition presents good ground for writ of injunction, in this, that it shows that the defendants, through fraud and coven, were seeking to deprive the defendant of its constitutional right to appeal to the County Court; that the writ of injunction was the only remedy by which the appellant could be protected in such right. Equity will always intervene to prevent fraud and protect any right for which the law affords no adequate protection.

2. Appellant could not have secured its rights by consolidation, because under the terms of the statutes, consolidation can only be had where the plaintiffs in the two suits are the same, whereas the suits referred to in the petition appeared upon the record in the names of different plaintiffs. Rev. Stats., art. 1450.

3. Consolidation is discretionary with the court; and a justice of the peace never exercises his discretion in favor of a railway company as

against his neighbors and electors; and hence it must be presumed, that if there had been the same plaintiff in each case the remedy by consolidation could not have been availed of.   Rev. Stats., art. 1450.

4.   The petition states a valid and meritorious defense to the cause of action of appellees.   Railway v. Lawlor, 3 Willson's C. C., 38;  Railway v. Cocke, 64 Texas, 151.

*Monteith & Furman*, for appellees.—Under the Constitution of 1876 the District Court has not the power to exercise a general superintendence and control over inferior jurisdictions by writ or otherwise.   Courts of equity will not interfere to control the proceedings of other courts, when the lower court can hear and determine the dispute, or where the matter is cognizable in the inferior court and has been there decided; or even when there is a concurrent jurisdiction.   Const., art. 5, sec. 8; Rev. Stats., arts. 638, 1165;  Railway v. Dowe, 70 Texas, 4;  Odom v. McMahan, 67 Texas, 292;  Freeman v. Miller, 53 Texas, 372;  Gibson v. Moore, 22 Texas, 611;  Overton v. Blum, 50 Texas, 417.

KEY, ASSOCIATE JUSTICE.—This suit was instituted by appellant in the District Court of Bell County, to restrain and enjoin appellees, W. W. Bacon and T. H. Bacon, from prosecuting two suits against it (one instituted by each appellee) in a Justice Court in Bell County.

The essential averments of appellant's petition are:   That on the 11th day of October, 1888, 17 head of sheep, belonging to said W. W. Bacon individually, or to W. W. and T. H. Bacon as partners, were at one time killed by a train on appellant's railway; that the killing of said sheep was without fault or negligence on the part of appellant or its servants, and under such circumstances as excuse it from all liability therefor; that in order to obtain an undue advantage of appellant, and deprive it of its right of appeal, and force it to pay for said sheep, appellees instituted the two suits referred to, one in the name of T. H. Bacon as plaintiff for $19.25, and the other in the name of W. W. Bacon as plaintiff for $19; that although appellant has a good and valid defense to said suits, it is morally certain that said justice of the peace will refuse to consolidate them, and it is alike certain that said justice of the peace, or any jury that can be obtained to serve in his court, will decide against appellant, and it will thereby be wrongfully and unjustly compelled to pay for said sheep and the costs of said two suits.

The facts stated in appellant's petition do not entitle it to the relief sought.   It is true, as held in Railway v. Dowe, 70 Texas, 10, that the District Court has jurisdiction to enjoin the bringing of a multiplicity of unjust and vexatious suits in a Justice Court, when the aggregate amount or any other fact will preclude the right to have all of them consolidated into one suit.   But the opinion in that case recognizes and approves the

doctrine, that if the right of consolidation exists the injunction should be refused. If it be true, as averred, that all the sheep killed belonged to W. W. and T. H. Bacon as partners, or to W. W. Bacon individually, then appellant has the right to have the two cases consolidated before trial (Revised Statutes, article 1450); and if cast in the suit after consolidation, it would have the right of appeal to the County Court. Having the legal remedy afforded by consolidation and appeal, appellant is not entitled to equitable relief in a different tribunal from that in which the cases are now pending.

We decide the case upon this question alone, without intimating any opinion upon other questions.

The petition assigns no reason for the averment that appellant's right to consolidate the suits will be denied by the justice of the peace, other than the alleged general incapacity or disinclinations of such magistrates to correctly and justly decide such matters in cases of this kind.

We can not assume, merely because it is charged, that the justice of the peace will refuse to accord to appellant any legal right; and as it appears that by availing itself of a legal remedy no necessity for an injunction will exist, the court below did not err in sustaining a general demurrer to appellant's petition.

We affirm the judgment.

*Affirmed.*

Delivered March 22, 1893.