Houston, East and West Texas Railway Co. v.
H. N. Ellisor et al.

Delivered November 25, 1896.

**Injunction to Restrain Judgment—Remedy at Law.**
   The refusal of a justice of the peace to approve a proper appeal bond tendered by the defendant in a case tried before him does not afford ground for an injunction to restrain the enforcement of his judgment in such case, where no further effort was made to effect an appeal by application for certiorari or for process to compel the approval of the appeal bond.

Error from San Jacinto. Tried below before Hon. J. B. High-
tower.

*W. H. Wilson* and *Baker, Botts, Baker & Lovett,* for appellant.

*F. Campbell,* for appellees.

NEILL, Associate Justice.—This action was brought by appellant against the appellees, H. N. Ellisor, G. R. Babbitt and L. C. Robinson, to enjoin the enforcement of a judgment rendered in favor of the first named appellee before the second as justice of the peace against appellant for eighteen dollars, upon which an execution was issued and placed in the hands of the third-named appellee, a constable, who levied it upon certain cars of appellant.

The petition for the injunction alleges in substance: That the appellee Ellisor filed suit against appellant before G. R. Babbitt, Esq., a justice of the peace, for ten dollars, the value of a yearling killed by said company; that on the 13th of July, 1895, the plaintiff in said cause orally amended his complaint by setting up demand for ten dollars more as an attorney's fee; that defendant's motion in said suit for a continuance was overruled, and it was forced into a trial which resulted in a judgment against it for eight dollars as the value of the yearling and ten dollars as an attorney's fee, besides costs of suit.

That in said suit the railroad company filed a cross-action against Ellisor for twenty-five dollars, and that the judgment failed to dispose of said cross-action, or to refer to the same; that within ten days after said judgment was rendered, the defendant in said cause filed with said justice an appeal bond, such as is required by law, appealing from said judgment to the District Court; that said justice held said bond until after the expiration of ten days and then filed the same, dating the filing back to within ten days, and marked the same disapproved, and afterwards stated to appellant's counsel that he did not approve it because he did not consider the case appealable, and no notice of appeal had been given. That on the 2nd day of August, 1895, L. C. Robinson, the constable of precinct No. 2, of San Jacinto County, under direction of Babbitt and Ellisor, levied an execution, issued on said judgment, upon

two box cars of appellant, and chained them to a switch upon which they were standing; that such levy was excessive, was made maliciously, etc. On which account damages as well as the injunction was prayed for.

The appellees, defendants below, filed general and special exceptions to the petition, which were sustained and judgment rendered dissolving the injunction theretofore issued, and dismissing the bill.

The errors assigned are to the action of the court in sustaining the exceptions. In our opinion the bill is utterly void of equities, and, that, therefore, the assignments of error are without merit. The bill shows that the cause in which the judgment was rendered was, by reason of appellant's cross-action, within the appellate jurisdiction of the District Court. If the justice refused to recognize this jurisdiction by approving and filing when presented, a good and sufficient bond, and to make out a transcript from the entries on his docket and send it up with the original papers in the case to the District Court, such court would have, upon a proper application from appellant, by the issuance of the proper process authorized by law, enforced its jurisdiction by compelling the justice of the peace to approve such bond, make out such transcript and transmit it, with the papers in the cause, to that court. No reason is shown in appellant's bill for its failure to resort to its legal remedy to have the cause brought before the District Court on appeal, and, until it shows it has exhausted its legal remedy, it has no right to the equitable one by injunction. Railway v. Wright, 88 Texas, 346, 29 S. W. Rep., 1134.

Therefore the judgment of the District Court is affirmed, without prejudice to appellant's right to prosecute its action, if any cause it has, against appellees, or any of them, for damages for an excessive and malicious levy of the execution upon its property.

*Affirmed without prejudice*