## W. H. TURNER v. W. H. PATTERSON ET AL.

Decided March 25, 1909.

### 1.—Injunction—Venue.

An action to stay proceedings at law must be brought in the county where such suit is pending. Rev. Stats., art. 1194, subd. 17.

### 2.—Injunction.

Injunction to restrain the bringing of a suit will not lie on grounds available as a defence to the action when brought.

### 3.—Same—Appeal.

Injunction can not be made to serve the purposes of an appeal from a judgment, nor lie on grounds which complainant could have urged to defeat its recovery.

Appeal from the District Court of Borden County. Tried below before Hon. James L. Shepherd.

*J. H. Peebles, Turney & Lewis* and *Morrison & Morrison,* for appellant.—Appellant having shown in his petition that he was entitled to the equitable relief prayed for, the District Court of Borden County had jurisdiction as a court of chancery over the subject matter of the suit, to wit: cancellation of note and interest, of nineteen other premiums of like amount, and of the policy calling for such installment premiums, or, regardless of the amount in controversy, and having acquired jurisdiction, it could adjudicate all the issues in the case, presence of all the parties being necessary thereto. Rev. Stats., art. 1194, subd. 7; Anderson Co. v. Kenneday, 58 Texas, 616; Day v. Chambers, 62 Texas, 195; Chambers v. Cannon, 62 Texas, 293;

Willis v. Gordon, 22 Texas, 243; Witt v. Kaufman, 25 Texas Supp., 384; Stein v. Frieberg, 64 Texas, 271.

*Curtis Hancock,* for appellee.—Jurisdiction having attached in the County Court, the defendant could plead therein any equities he might have. Hendrick v. Cannon, 2 Texas, 259; Winnie v. Grayson, 3 Texas, 429; Cook v. Baldrich, 29 Texas, 250; Hugo & Smitzer v. Dignowitty, 1 App. C. C. (White & W.), par. 158.

Subdivision 7, article 1194, Revised Statutes, fixing venue in cases of fraud in the county where such fraud is committed, is controlled by subdivision 17 of the same article, wherein the venue of injunction suits staying the proceedings in any pending suit is fixed in the county where such suit is pending. Montague County v. Meadows, 31 S. W., 694; Galveston Ry. Co. v. Dowe, 70 Texas, 4; Seele v. State, 1 Texas Civ. App., 495; Capps v. Leachman, 35 S. W., 396; Texas Trunk Ry. Co. v. Lewis, 81 Texas, 8; Stone v. Byars, 32 Texas Civ. App., 154.

HODGES, ASSOCIATE JUSTICE.—This appeal is from a judgment dissolving a temporary restraining order theretofore issued, and refusing a writ of injunction.

On December 9, 1907, the appellant filed in the District Court of Borden County his petition for an injunction, alleging, in substance, the following facts: That W. H. Patterson, one of the appellees, resides in Dallas County and is the manager of the Hartford Life Insurance Company, a foreign corporation engaged in the business of writing life insurance in Texas; that the other defendants, W. L. Evans and M. J. Thornton, are also agents of said company, and reside in Borden County, Texas; that on or about the 9th day of October, 1907, the said Patterson induced plaintiff to buy a policy of insurance for an annual premium of $174.50, representing that in consideration of said premium the insurance company would issue to him a policy on his life for $5,000 which would insure his life for that sum for twenty years, and at the expiration of that time said sum would be paid to plaintiff in cash if he were then living; that this representation was made by the defendants to plaintiff at the time and place aforesaid, to induce him, and did induce him, to contract and agree with the defendants, as agents of the corporation aforesaid, to buy such $5,000 insurance policy. Relying upon the promise that he would obtain a policy payable to him at the end of twenty years, in consideration thereof he executed his note, dated February 12, 1907, for $174.50, payable to the order of W. H. Patterson at Dallas, Texas, on the 1st day of July thereafter, without grace, said note to bear interest after maturity at ten percent per annum, and also providing for the payment of attorney's fees if it should be placed in the hands of an attorney for collection. Plaintiff further alleges that after he signed said note, and before its delivery to Patterson, Evans and Thornton, two of the defendants in the suit, signed the same as sureties, writing their names on the back thereof, and then delivered the note to Patterson; that when the insurance policy which he understood he was to receive from the agents of the insurance company was

tendered to him in fulfilment of his said contract and agreement, he found that it was not such as he had contracted for, but that it was merely one which would become non-premium bearing after twenty years, and payable only upon his death; that he thereupon returned the tendered policy and demanded the surrender of his note, but that the appellees refused to surrender the note, though the consideration had wholly failed. He further avers that Patterson, with full knowledge of all the facts alleged, wrongfully and fraudulently withheld said note from him, and on or about June 19, 1907, deposited the same with the American Exchange National Bank of Dallas, Texas, for collection, which bank thereupon forwarded the same to a bank at Gail, in Borden County, for collection; that after appellant had learned that the note was at the Gail bank his attorney at once proceeded to prepare and file suit against the necessary parties to cancel the note; that when Thornton, one of the appellees, learned that said suit was in course of preparation, and in order to prevent the fraud from being exposed in Borden County and injuring his business, he did, on June 26th, as a mere volunteer, pay off and extinguish the note, and that Patterson received the proceeds thereof before action could be taken in the said suit. Plaintiff alleges that he is informed and believes and charges the fact to be that the note was by the Gail bank stamped "Paid, June 26, 1907," the day Thornton paid the same with his personal check. He further charges as a fact that several days after said note was paid and canceled as aforesaid, Thornton had said Gail bank make on said note the following entry: "Paid by M. J. Thornton. J. D. Brown, Cashier." Appellant alleges that if he is in error in stating that Patterson deposited said note with the American Exchange National Bank at Dallas, Texas, for collection, he then avers that Patterson negotiated said note in due course of trade to the American Exchange National Bank of Dallas, Texas, to which said Thornton as surety, or volunteer, or as both, paid said note as aforesaid, extinguishing same. The appellant further avers that if Thornton as surety, and not as a volunteer, paid said note without the frauds complained of, then in that event only the cause of action arose in his favor against plaintiff upon an implied promise to pay him the money paid by Thornton upon the note. He denies that he ever promised in writing to pay said Thornton, or any one else in Dallas County, Texas, the money by him paid on said note, and denies that any of the statutory exceptions exist authorizing any suit beyond Borden County, and in Dallas County, against plaintiff by any of defendants in reference to said note or on said implied promise, and claims the statutory right to be sued in the justice precinct and county of his residence. He further avers that after the satisfaction of said note by Thornton the defendants entered into some kind of a false and fraudulent arrangement wherein said Thornton returned said extinguished note to Patterson, and the latter thereupon fraudulently pretending that the note was valid and unextinguished, after having sold it to the American Exchange National Bank of Dallas, or received payment thereof, instituted a suit in the Justice Court of precinct No. 1 in Dallas County on July 10, 1907, against the appellant on said note; that the case was postponed from time to

time at the instance of said Patterson or his attorney, and was not called for trial until October 29, 1907, on which day Patterson recovered a judgment in said Justice Court against the appellant in said suit; that on or about October 9, 1907, appellant presented to Hon. James L. Shepherd, judge of the District Court of Borden County, his original petition praying for a writ of injunction against the said Patterson to restrain him from prosecuting to judgment the aforesaid suit while pending in the Justice Court, and restraining said defendant M. J. Thornton from instituting suit against plaintiff on said implied promise, said original petition containing the same allegations hereinabove made, as well as other allegations hereinafter set forth; that Hon. James L. Shepherd, being constantly engaged with his official work in other counties in his district, could not, for lack of time, consider the petition, and did not do so until the 7th of November, 1907, at which time he did affix his fiat directing the issuance of the writs in said petition prayed for, upon plaintiff's entering into a bond of $500; that as the result of the delay by the district judge above mentioned, judgment was obtained by said Patterson against appellant in the Justice Court on the 29th of October, 1907, the restraining order referred to being too late to prevent the prosecution of the suit in said cause. He further alleges that as a result of the delay in the matter of the issuing of the restraining order, he was forced to prosecute an appeal to the County Court of Dallas County, Texas, from a judgment rendered against him in the Justice Court, in order to avoid the issuance and levy of a writ of execution upon his property, and the cause is now pending in said County Court on appeal. He further avers that the case was tried by the justice of the peace, and a judgment arbitrarily rendered against him on said note in October, 1907, although the justice of the peace saw that said note was paid and had been extinguished, and for which reason the same could not legally, and ought not to, have served as a basis for a suit. He alleges that he did not read the application for a policy of life insurance before signing the same, for the reason that he was deterred from so doing by the false and fraudulent representations made by Evans, who stated to him at the time that it was all right and there was no use in reading it; that he has never read any application for such policy, nor for any policy offered to him by the Hartford Life Insurance Company or any of its agents. He further alleges fraud and deceit practiced upon him by Patterson, Evans and Thornton, for the purpose of procuring the execution of the aforesaid note and his promise to pay nineteen other annual premiums upon said policy of insurance, and claims that unless restrained by a writ of injunction Patterson will further prosecute his suit against appellant in the County Court of Dallas County, where the case is pending on appeal, he having filed an appeal bond for the purpose of preventing an execution being issued against him; and that Thornton will institute suit against him on said implied promise, and prosecute the same to judgment. He alleges that the suit against him in the Justice Court of Dallas County was fraudulently instituted upon the ground that said note contained a promise to pay in Dallas, and he alleges the fact to be that Thornton paid the note in Borden County

and it was thereafter transmitted to Dallas. He also alleges that the Hartford Life Insurance Company will institute suit against him upon his refusal to pay any or all of the remaining premiums stipulated in the policy of insurance. He claims collusion and confederation among all of the appellees for the purpose of collecting from him the money stipulated to be paid in the note and the annual premiums provided for in the policy of insurance. He asks that all of the appellees, including the Hartford Life Insurance Company, be enjoined; that Patterson be enjoined from prosecuting his suit against him in the County Court of Dallas County upon the note; that Thornton be enjoined from suing him on the pretended implied promise by him to repay the money paid by Thornton on the note; that the Hartford Life Insurance Company be enjoined from suing for said nineteen premiums or any of them; and that the defendants be required to bring into court the note and policy of life insurance for cancellation.

The record shows that a temporary writ of injunction had been issued by the Hon. James L. Shepherd, during vacation, before the regular term of court.

All of the parties defendant in the suit answered, all disclaiming any interest in the subject matter in controversy, the note sued on, except Patterson. The latter claimed the privilege of being sued in the county of his residence, which is Dallas County, Texas, and specially pleaded the pendency of the proceeding sought to be stayed in Dallas County and objecting to the venue. He also filed general and special exceptions to the petition, and further answered by general and special denial. The Hartford Life Insurance Company disclaims any right, title or interest to the matter in controversy, and says, with reference to the policy referred to, that under the contract between the plaintiff and the defendant, by virtue of which the policy of insurance was issued, it was at all times, and is, optional with the plaintiff as to whether or not he desires to pay the nineteen annual premiums called for in the same; that he is under no obligation to pay the same unless he elects to do so for the purpose of keeping his policy in force; that it never asserted and does not now assert and does not intend in the future to assert that there is any obligation on the part of plaintiff to pay any of those premiums. W. L. Evans answered disclaiming any right, title, claim or interest in the matter in controversy; says that he makes no claim against the plaintiff on the note described in the plaintiff's pleadings, and did not claim any interest therein at the date of the institution of this suit or at any other time. In addition to the disclaimer, he pleads general denial as to the charges of fraud. Thornton also disclaims any right, title, claim or interest to any of the matter in controversy, and says that he makes no claim against the plaintiff on the note described in the pleadings, and did not claim any interest therein at the date of the institution of this suit. He further denies the charges of fraud and conspiracy alleged in the petition.

From a judgment sustaining the general and special exceptions and dismissing the petition, this appeal is prosecuted.

The principal purpose of this suit being to stay proceedings in a suit pending in Dallas County, and having failed to state any cause

of action against the parties defendant who did not reside in that county, the court properly sustained the objections to the venue. Article 1194, subdivision 17 of the Revised Statutes, fixes the venue of actions to stay proceedings in any suit in the county where the suit is pending. It also appears from this petition that it seeks to have the application for injunction serve the purposes of an appeal. That this is not permissible is well settled in this State. Galveston, H. & S. A. Ry. Co. v. Ware, 74 Texas, 47, 11 S. W., 918; Texas Mex. Ry. Co. v. Wright, 88 Texas, 350, 31 S. W., 614; Beer v. Landman, 88 Texas, 457, 31 S. W., 808. The grounds alleged as a basis for the issuance of a writ of injunction were available as defenses in the suit then pending, or any of the suits thereafter expected. If by reason of his failure to interpose those defenses at the proper time a situation has arisen in which the appellant is deprived of any of them, he fails to state facts indicating that anything other than his own negligence was the cause.

We think the court properly refused the writ, and the judgment is therefore affirmed.

*Affirmed.*