CITY OF SAN MARCOS v. INTERNATIONAL & G. N. RY. CO. (No. 5294.)

(Court of Civil Appeals of Texas. Austin. April 8, 1914. Rehearing Denied May 13, 1914.)

1. INJUNCTION (§ 26*)—ADEQUACY OF REMEDY AT LAW.

A railroad company, prosecuted by a city in courts having jurisdiction for the penalties imposed by Rev. St. 1911, art. 1068, for failure to place its roadbed over a street in a proper condition for travel, has an adequate remedy at law to determine whether it is liable for penalties, and it may not sue for an injunction to restrain actions at law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

2. JUSTICES OF THE PEACE (§ 36*)—JURISDICTION—TITLE TO LAND.

An action by a city against a railroad company for the penalty imposed by Rev. St. 1911, art. 1068, for failure to place its roadbed over a street in a proper condition for travel, is for a money judgment within the jurisdiction of a justice's court, and the fact that title to land is incidentally involved does not render the action one to try title to land, or of trespass to try title, not within the jurisdiction of the justice.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 83–97; Dec. Dig. § 36.*]

3. INJUNCTION (§ 26*)—ADEQUATE REMEDY AT LAW.

A railroad company, prosecuted by a city in justice's courts having jurisdiction for the penalty imposed by Rev. St. 1911, art. 1068, for failure to place its roadbed over a street in a proper condition for travel, may not maintain a suit in equity to restrain the actions on the ground that they are an attack on its franchise.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

Appeal from District Court, Hays County; Frank S. Roberts, Judge.

Action by the International & Great Northern Railway Company against the City of San Marcos. From a judgment granting relief, defendant appeals. Reversed and remanded.

R. E. McKie, of San Marcos, for appellant. Fisher & Fisher and Wilson, Dabney & King, of Houston, for appellee.

Findings of Fact.

JENKINS, J. Appellee's railway runs through the incorporate boundaries of appellant. Appellant desired to extend one of its streets across appellee's right of way and railway track, and, being unable to agree with appellee as to damages for same, instituted condemnation proceedings, and condemned a strip of land 40 feet wide across said right of way and railway track for street purposes, and paid the amount awarded in the condemnation proceedings. Afterwards appellant gave appellee notice, as required by law (R. S. 1068) to place its roadbed and right of way over which said street ran in proper condition for the use of the traveling public. The appellee having failed

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

to do so for more than 30 days after the service of such notice, appellant instituted a suit in justice court against appellee, and recovered a judgment for $92.85. Appellee appealed the case to the county court of Hays county, where, upon trial de novo, a judgment for the same amount was rendered in favor of appellant. Subsequently, appellee not having complied with said notice, appellant instituted another suit against appellee in the justice court for the sum of $146.62. During the pendency of this suit, appellee filed in the district court of Hays county its petition for injunction against appellant, alleging as a ground for same that it was not liable for the penalty prescribed in said article 1068, for the reasons: (a) That it did not own and was not in possession of the alleged right of way over which said street extended; and (b) that said statute did not apply under the facts of the case, for the reason that said right of way could not be placed in a proper condition for public travel without building a bridge or culvert across the same.

Appellee alleged in its petition the recovery of the judgment against it for $92.85, the pendency of the suit for $146.62, and that appellant had threatened, and, unless restrained from doing so, would institute numerous suits against it in the justice courts for such alleged penalties; that neither the justice nor county court had any jurisdiction to try such suits, for the reason that the same involved title to land; that it had no adequate remedy at law, and would suffer irreparable injury unless such writ of injunction was granted.

The judge of the district court of Hays county granted a temporary writ of injunction in vacation, and upon the trial of the cause made the same perpetual, except as to the final judgment for $92.85, as to which the injunction was dissolved.

### Opinion.

Appellant insists that no final judgment was rendered by the district court. With this contention we do not agree, but, in view of the disposition that we make of the case, we do not deem it necessary to discuss this assignment.

[1] We sustain appellant's assignments to the effect that its exceptions to the petition should have been sustained, for the reason that it was apparent from the allegations therein that appellee had a full and adequate remedy at law against the alleged wrongs done and threatened.

It was said in Sumner v. Crawford, 91 Tex. 132, 41 S. W. 995:

"In courts administering both law and equity, like ours, the rules denying injunction when there is a remedy at law should not be applied as rigidly as at common law, where the issuance of the writ in equity was, to a certain extent, an invasion of the jurisdiction of another tribunal."

But in the instant case, instead of there being a reason for relaxing the rule at common law, there is a strong reason for its enforcement. It appears from the allegations of the petition that the justice's court had original jurisdiction of the suit pending and of those threatened, and that the county court and the Court of Civil Appeals have appellate jurisdiction of the pending suit. These are courts both of law and equity. The effect of an injunction by the district court is to invade the jurisdiction of the justice and county courts, and to deny them the right to try causes triable in said courts under the Constitution and laws of this state, and over which the district court has no jurisdiction as a matter of law. If it is true, as alleged by appellee, that appellant has no cause of action against it, by reason of the fact that it does not own the land, or that the statute does not apply by reason of its being necessary to build a bridge, or for any other reason, it is to be presumed that the justice court will allow such defense, and, if it did not, that the county court would do so. But should both the justice and the county court refuse to recognize appellee's legal defenses, it could appeal the case to the Court of Civil Appeals. Such proceeding is frequently necessary in order for litigants to obtain their legal rights, and not only as to cases tried in justice and county courts, but also as to cases tried in district courts. Courts of Civil Appeals frequently fail to correctly administer the law, thereby necessitating an appeal to the Supreme Court of the state, and that court is sometimes reversed by the Supreme Court of the United States, where an appeal lies by reason of a federal question being involved. All courts are liable to err, but it will not be presumed that any court will intentionally fail to accord to litigants their legal rights. Until a justice or county court has done so in a case where there is no right of appeal, or where a party has resorted to his right of appeal and established his contention, injunction will not lie to stay the proceedings of such courts. Ry. Co. v. Ellisor, 14 Tex. Civ. App. 706, 37 S. W. 972; Ry. Co. v. Kuteman, 79 Tex. 468, 14 S. W. 693; Ry. Co. v. Bacon, 3 Tex. Civ. App. 55, 21 S. W. 783; Crawford v. Wingfield, 25 Tex. 414.

As to the numerous and vexatious suits with which appellee alleges it is threatened, the statute gives appellant a cause of action for each week that it is violated by the appellee, if it is violated; and, while such suits may be numerous, they could not, in any proper sense, be said to be vexatious. The vexation of such suits may be avoided by appellee by the simple expedient of complying with the law. If the appellee is not legally liable under the facts of this case, had it made its defenses in the pending suit, and, failing there to obtain judgment in its favor, appealed the case to the county court, or had it alleged its purpose to do so, and also to pursue its legal remedy, if necessary, by an appeal to the Court of Civil Appeals, and to

the Supreme Court, as it might do under the present statute, and had it further alleged that appellant was threatening it with numerous suits during the pendency of said suit, it might have been entitled to an injunction against further suits until its legal rights were settled in the pending suit. But nothing of the kind was alleged by appellee herein.

[2] If the justice and county courts were without jurisdiction, proceedings therein might be enjoined. But such is not the case. The suit in the justice's court is for a moneyed judgment, and the fact that the title to land is incidentally involved does not render it a suit to try title to land, nor of trespass to try title, and does not deprive the justice's court of jurisdiction. City of Victoria v. Schott, 9 Tex. Civ. App. 332, 29 S. W. 681, and authorities there cited.

[3] There is no merit in appellee's contention that the threatened suits are an attack upon its franchise. Appellant does not seek by such suits to interfere with appellee's operation of its railway, nor to deprive it of the possession of any property. Nothing is involved but the right to recover a moneyed judgment.

For the reason that the trial court should have sustained appellant's exceptions, the judgment herein is reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.