SPARK et al. v. LASATER.   (No. 6587.)

(Court of Civil Appeals of Texas. San Antonio. June 1, 1921.)

1. Abatement and revival ⬥⟶8(8)—Vendor can bring independent suit to recover on lien notes, though he might recover by cross-action in suit to cancel.

Where the purchaser of lands brought suit against the vendor for the cancellation of the vendor's lien notes on the ground of fraud, the vendor, though he could seek recovery on the notes by cross-action in the same suit, can also bring an independent suit to recover on the notes in the district in which they are payable.

2. Abatement and revival ⬥⟶17—Injunction ⬥⟶26(6)—Defendant cannot have plaintiff restrained from prosecuting his suit.

Even if the vendor's independent suit to recover on vendor's lien notes notwithstanding the purchaser's suit to cancel the notes were improperly brought, the purchaser's remedy was by plea in abatement, not by injunction against the vendor from prosecuting his independent suit, which would be, in effect, an injunction by the court restraining itself from trying the case.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Suit by Ed. C. Lasater against George Spark and another. From an order denying defendants' motion for temporary injunction, defendants appeal. Affirmed.

See, also, 232 S. W. 346.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellee.

FLY, C. J. This is an appeal from an order of the district court of the Seventy-Third district, denying a temporary writ of injunction applied for by appellants, George Spark and Mabel Spark. Appellee sued appellants on 10 promissory notes, each in the sum of $3,323.75, payable on their respective dates in San Antonio, Tex.; the same having been given for the purchase money of certain land situated in Brooks and Jim Wells counties, containing 1,329.5 acres, on which a foreclosure of the vendor's lien was sought. Appellants filed a long answer, alleging that they had been induced to buy the land and execute the notes through fraudulent representations made to them by appellee and his agent, and false promises made by them, and that they instituted suit

on November 29, 1919, in Jim Wells county praying for a cancellation of the contract of sale and the notes sued on and for damages; that on January 15, 1921, judgment was rendered against appellants, and that said cause was appealed to the Court of Civil Appeals of the Fourth Supreme Judicial District. See 232 S. W. 346. They prayed that the court issue a writ of temporary injunction to prevent appellee from prosecuting his cause of action during the pendency of the appeal, and that on final hearing appellee be perpetually enjoined from prosecuting his suit. The injunction was denied, and appellants have appealed.

[1] Since the appeal was perfected, as shown by a certificate from the district court, judgment has been rendered on the notes, the lien foreclosed, and execution issued thereunder. There was no merit in the application for the injunction in the lower court. Appellee had the right to set up a cross-action on his notes in the case in Jim Wells county, or to institute an independent suit in Bexar county on the notes where they were payable. This proposition is settled beyond controversy. Simmang v. Braunagel, 27 S. W. 1032; Ins. Co. v. Hargus, 99 S. W. 580; Cole v. State, 163 S. W. 353.

[2] If the suit had been improperly brought in Bexar county, the remedy was not by an injunction, but by a plea in abatement setting up the facts. It would be an anomaly in judicial procedure for a court to enjoin itself from trying a case pending on its docket, which would be the effect of an order restraining the plaintiff from trying the case. If it was improper for the plaintiff to, be denied a trial, the judge could, on a proper motion, prevent the trial by legal methods, without resorting to equity to restrain himself from a trial.

The judgment is affirmed.

