## TEMPLE TRUST CO. v. POWERS. *
### No. 7796.

Court of Civil Appeals of Texas. Austin.
April 13, 1932.

Rehearing Denied April 27, 1932.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellant.

Dibrell & Starnes, of Coleman, for appellee.

BLAIR, J.

This appeal is from an order overruling appellant's motion to dissolve a temporary injunction. The litigation arose as follows:

On July 15, 1924, appellee executed eight notes to appellant, and secured them by a deed of trust on his real estate in Coleman county. On November 25, 1931, he filed this suit in the district court of Coleman county, to cancel the notes and deed of trust as cloud upon title to his real estate, alleging that the loan contract was usurious from its incipiency; that he had paid six of the notes; that prior to February 1, 1930, he had paid certain installments of usurious interest as provided in the contract, but which the law would apply on principal; that the law authorized recovery of double the amount of usurious interest so paid; and that appellee was therefore entitled to recover the sum of $535.32, and to have $485.54 thereof applied on the balance due on the loan, and to recover the difference of $49.84. Further, and as grounds for the temporary injunction, appellee alleged that appellant was threatening foreclosure proceedings under the false and fictitious claim that there was still a balance due on the loan contract, and that, unless restrained, appellant would foreclose under the power of the deed of trust, or by proceedings in the district court of Bell county; or would transfer the notes to a third party and instigate him to prosecute foreclosure proceedings, which would vex and harass appellee and subject him to the expense of defending such proceedings, and cause him to suffer irreparable damages and injury; and appellee prayed that appellant be enjoined from instituting suit on the notes and deed of trust, except by cross-action herein. On the day this petition was filed, November 25, 1931, the trial judge granted the injunction as prayed for without notice and on ex parte hearing; and ordered that the writ issue upon appellee filing a bond in the sum of $750. Counsel for appellee instructed the clerk not to issue citation in the suit until the injunction bond was filed. The bond was filed December 9, 1931, and on that date both the citation and injunction writ were issued, and both were delivered to an officer on December 17, 1931, and on that date served upon appellant. In the meantime, on December 5, 1931, appellant sued appellee for the balance due on the loan and to foreclose the deed of trust in the district court of Bell county, in which county the notes and loan contract were payable and enforceable under their terms. Citation was issued December 5, 1931, and served upon appellee December 7, 1931. On January 5, 1932, appellant filed its motion to dissolve the injunction upon the ground, among others, that appellee had a full, complete, and adequate remedy at law as to the Bell county suit, by filing therein a plea in abatement of the pendency of the alleged prior Coleman county suit. The appellant also filed in the Coleman county suit a plea in abatement of the pendency of the Bell county suit, alleging that, because appellee withheld citation in his Coleman county suit until after appellant filed and served appellee with citation in its Bell county suit, the latter suit should be held to have been first filed.

The motion to dissolve the injunction should have been granted for two reasons, as follows:

1. Appellant had filed its suit in Bell county prior to the service of the injunction writ upon it, and was therefore not attempting to transfer the notes and deed of trust to a third party. Nor was there any evidence on the hearing showing that appellant was attempting to do any act or acts which were sought to be restrained by the writ; or that it was attempting to further prosecute the Bell county suit. Appellant had filed a plea in abatement in the Coleman county suit of the pendency of the alleged prior Bell county suit, and was therefore proceeding in a lawful manner.

2. We have reached the conclusion that, under the facts and circumstances proved on

the hearing of the motion to dissolve the temporary injunction as above detailed, appellee could not lawfully issue the temporary injunction as an ancillary proceeding in the alleged prior Coleman county suit involving the same subject-matter and parties, restraining the prosecution of the alleged subsequent Bell county suit, because appellee failed to show that he did not have a full, complete, and adequate remedy at law to abate the Bell county suit; or that because of any particular facts or circumstances his remedy at law was not as efficient as his remedy in equity would be. In general, the following authorities cited by appellant, and many others that might be cited, support our proposition: New Amsterdam Casualty Co. v. Harrington (Tex. Civ. App.) 297 S. W. 307; Lingwiler v. Lingwiler (Tex. Civ. App.) 204 S. W. 785; Sparks v. Lasater (Tex. Civ. App.) 232 S. W. 345; Pavey v. McFarland (Tex. Civ. App.) 234 S. W. 591; Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565; McMickle v. Hardin, 25 Tex. Civ. App. 222, 61 S. W. 322; Gulf, C. & S. F. Ry. Co. v. Bacon, 3 Tex. Civ. App. 55, 21 S. W. 783; 1 R. C. L. p. 19; United Timber Corporation v. Bivens (D. C.) 248 F. 554; 32 C. J. 99–100, and many cases there cited.

In the New Amsterdam Casualty Co. v. Harrington, supra, it is held, as follows (in syllabus): "Injunction to restrain plaintiff from prosecution of case will not be granted defendant on ground that it had made complete settlement of alleged cause of action, since legal remedy by plea of settlement is adequate; Rev. St. 1925, art. 4642, providing for injunctions not giving right to injunction, where legal remedy is as efficient as the remedy in equity."

In Pavey v. McFarland (Tex. Civ. App.) 234 S. W. 591, 594, it is held, as follows: "When an injunction is sought against the prosecution of a lawsuit, and the facts in the petition which are made the basis of relief appear to be such that they can properly be interposed as a defense against the suit, the prosecution of which is sought to be enjoined, ordinarily the injunction will be denied, and the party seeking it will be remitted to his defense at law against the suit pending against him."

In Business Men's Oil Co. v. Priddy (Tex. Com. App.) 250 S. W. 156, 157, it is held, as follows: "It is true that a party who is sued may file a cross-action in such suit and secure any relief he may be entitled to in law or equity, but that fact does not in itself compel him to present such cause of action in that particular suit. 1 R. C. L. last part of section 5, p. 15. Such party has the right to insist upon the exercise of his election of his forum for trial, and this privilege should not be taken from him unless it is clear that the law requires that he surrender that right and litigate his cause of action in a forum chosen by his adversary."

It was not shown on the hearing of the motion to dissolve the temporary injunction that appellee had filed a plea in abatement in the Bell county suit setting up the pendency of his alleged prior Coleman county suit, and manifestly the trial judge could not assume that such a plea, if filed, would not be sustained if the facts and law warranted such action; and it will be presumed that the judge in the Bell county suit will do his duty and sustain the plea in abatement, if meritorious. If the plea in abatement should be wrongfully overruled and appellant thereafter continued to prosecute its Bell county suit, then appellee might enjoin appellant from further prosecuting the Bell county suit under the rule announced by the Supreme Court in the cases of Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, 1073. It would be time enough for the injunction after the proceedings in the Bell county suit had reached that stage.

We do not pass upon the merits of the plea in abatement of the pendency of a prior suit, because such plea was not passed upon by the trial court in this injunction proceeding.

The order appealed from is set aside, and the temporary injunction is dissolved.

Order set aside, temporary injunction dissolved.