R. HARDING v. COMMISSIONERS COURT OF McLENNAN COUNTY.

Application No. 3214. Decided January 16, 1902.

1.—Suit—Plaintiff—Pecuniary or Political Interest.

A party can not sue to determine a controversy in which no pecuniary right of his is imperiled. (P. 175.)

2.—Same—Local Option.

To entitle one to bring a suit to test the validity of an election prohibiting the sale of liquor in a locality where he was engaged in that business, plaintiff must allege and prove that he was a licensed dealer. (P. 175.)

3.—Pleading.

Facts not alleged, though proven, can not be considered by the court. (P. 175.)

4.—Writ of Error.

Refusing a writ of error in this case on the ground that plaintiff had not alleged facts entitling him to sue, the court decline to either approve or disapprove the rulings by which the trial court or the Court of Civil Appeals sustained judgment for defendants.  (P. 175.)

Application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Harding sued to enjoin the Commissioners Court of McLennan County from declaring the result of an election under the local option law in a part of the county to have been in favor of prohibition.  Judgment went for defendants, from which plaintiff appealed, and on its affirmance he applied for a writ of error.

*E. E. Easterling,* for applicant.

GAINES, CHIEF JUSTICE.—We are of opinion that the writ of error applied for in this case should be refused, but are not prepared to concur in the conclusion upon which the Court of Civil Appeals rest their decision.

That court decided the appeal upon the agreed facts upon which the case was tried, from which it appears that the applicant "was legally carrying on" the business of a liquor dealer in the district in which the election was held.  Harding v. Commissioners, 3 Texas Ct. Rep., 796. But the allegation in the petition is merely "that your petitioner is engaged in the sale of beer and other liquors in Axtell, Texas, within the limits of said described local option precinct and in said school district," etc.  There is no averment that he was legally so engaged.  If such were the fact, it should have been alleged.  Unless he was a licensed dealer, which is not averred and which we are not at liberty to assume, we are of opinion that he would have no such interest in the question agitated by his suit as would have entitled him to bring the action. Since it does not appear that the effect of declaring that the election had carried in favor of local option was to imperil any pecuniary right of the applicant, the question as to him is merely a political one, and the courts agree that a party can not sue to determine a controversy of such a character.

The trial court decided against the applicant on the ground that the election was valid, and the Court of Civil Appeals held that he was not entitled to sue, although a licensed dealer.  Both are questions of much difficulty, but since it was not averred that the applicant was lawfully engaged in the business of selling liquors, we do not find it necessary to decide either of them.  The courts, in determining a case, are not at liberty to consider a fact appearing in evidence which is not alleged in the pleadings.

The application for the writ of error is refused.

*Writ of error refused.*