For the errors indicated, the judgment is reversed and the cause remanded.

---

## LYLE & EIKER v. LONGAN et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 10, 1914.)

CONSTITUTIONAL LAW (§ 68*)—JUDICIAL POWER—POLITICAL QUESTIONS.

Courts cannot enjoin the canvass of an election by the commissioners' court of a county, held to determine whether poolrooms should be prohibited, since the canvass of elections is the exercise of a political power beyond judicial authority, and such rule is not changed by a showing that the effect of canvassing such election would affect the pecuniary rights of plaintiff.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 125–127; Dec. Dig. § 68.*]

Appeal from District Court, Donley County; J. N. Browning, Judge.

Action for injunction by Lyle & Eiker against Pat Longan and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

---

II. B. White, of Clarendon, for appellants. W. T. Link, of Clarendon, for appellees.

HENDRICKS, J. The appellants instituted this suit in the trial court by petition for an injunction, for the purpose of restraining the commissioners' court of Donley county from canvassing, declaring, and publishing the returns of an election held in that county by the qualified voters thereof, which election was for the purpose of determining whether or not the business of conducting pool halls would be prohibited; said election having been held under the recent act of the 33d Legislature (Senate Bill No. 220, c. 74, p. 136, of said Session Acts). The election resulted in favor of the prohibition of pool halls in Donley county. The district judge, upon the presentation of the petition, issued a temporary writ, and upon final hearing, upon the hearing of a general demurrer and the sustaining of same, the court dissolved the order theretofore granted, and the legality and constitutionality of the act in question is attacked here on several grounds.

The appellants, petitioners in the district court, succinctly but fully present in their petition that they were lawfully engaged in the business of conducting a pool hall for a livelihood and for pecuniary gain and profit, and present allegations that the declaration of the result of the election and the attempted enforcement of it (void as they declare) will imperil such rights, invoking the usual guaranties embodied in our own Constitution and the Constitution of the United States with reference to the deprivation of property without due process of law, and their privileges and immunities as citizens, and the untrammeled pursuit of a legal occupation afforded by the law of the land. We also gather from the brief that appellants attack the constitutionality of the act in question because "in violation of their contract rights with the state of Texas, county of Donley, and city of Clarendon, in that they had paid the same an annual occupation tax in the aggregate sum of $210, entitling them to pursue said occupation or business for one year, ending the 18th day of January, A. D. 1914," and further upon the promise that the annual occupation tax receipt being property, and the legislative act complained of alleged to be void, depriving them of such specific property and destroying the same without due process of law, that the judiciary has the right on this ground to interfere with the effectuation of this legislation, where it is an invasion of specific property rights by an unlawful exercise of a tribunal carrying into effect an unlawful election.

In the recent case of the City of Dallas v. Electric Street Railway Co. (Sup.) 148 S. W. 293, it is disclosed that the street railway company attempted to enjoin the mayor, the board of commissioners and its secretary from canvassing the returns and declaring the result of an election held in that city, at which election an ordinance, under the iniative principle in the charter of said city, prescribing street railway fares and regulating the carriage of passengers and the operation of cars, had been submitted, voted upon, and carried by the qualified voters of said city. The Supreme Court said in that case, with reference to the allegations of the petitioners: "It was * * * sufficiently alleged that the franchise and property rights of the plaintiff would be injuriously affected by the existence of the ordinance." The pronouncement of the effect of an election is the exercise of political power, and all the courts, almost without exception, hold that the interference of this power, exercised in that manner, is beyond judicial authority. The doubt cast upon this proposition was the opinion of the Supreme Court, in the case of Harding v. Commissioners' Court, 95 Tex. 175, 66 S. W. 44, where language was used, the inference from which indicated that, where the effect of declaring an election would imperil a pecuniary right, the proposition that it was a political question might be devitalized and a judicial question, based upon protection of property, might arise. In the first case cited by us, supra, the Supreme Court, through Justice Phillips, definitely settles this question against the appellants, and says: "All that the court decided in that case was that the failure of the petition to allege that the effect of declaring that the election there involved had carried would be to imperil a pecuniary right of the plaintiff was of itself sufficient to justify the refusal of the injunction against the declaration of the result of the election. It was not held that, had the petition contained such allegation, the injunction would have properly issued," etc. Hence, in so far as our supreme authority is concerned, allegations of that character with reference to the impairment of property rights or pecuniary interests would not aid the injunction of an exercise of political power in effectuating an election.

On account of the federal question injected into the case, we have attempted an investigation of authorities by the Supreme Court of the United States along the lines indicated, and the only case we find enunciating a principle relative to the question is New Orleans Waterworks Co. v. New Orleans, where the waterworks company solicited the power of a court of equity to condemn as void ordinances of the city of New Orleans granting certain franchises and privileges to other persons on grounds inconsistent with petitioner's rights and in violation of certain rights guaranteed by the federal Constitution. While the Supreme Court of the United States declares the bill in equity insufficient upon grounds inapplicable to the issues involved here, however, it further says: "A court of equity cannot properly interfere

with, or in advance restrain, the discretion of a municipal body while it is in the exercise of powers that are legislative in their character," and: "The courts will pass the line that separates judicial from legislative authority if, by any order or in any mode, they assume to control the discretion with which municipal assemblies are invested, when deliberating upon the adoption or rejection of ordinances proposed for their adoption. * * *" Further saying: "If an ordinance be passed and is invalid, the jurisdiction of the courts may then be invoked for the *protection of private rights* that may be violated by its enforcement." (The emphasis is ours.) New Orleans Waterworks Co. v. New Orleans, 164 U. S. 481, 17 Sup. Ct. 165, 41 L. Ed. 524.

Upon the principles enunciated above, of course we do not, and it would be inappropriate if we did, pass upon the constitutionality of the act challenged by the appellants, and we think the action of the trial judge in sustaining the demurrers and dismissing the petition for injunction was correct, and it is affirmed.