WINN et al. v. DYESS, Co. Atty., et al.
(No. 5397.)

(Court of Civil Appeals of Texas. Austin. April 22, 1914.)

1. APPEAL AND ERROR (§ 170*)—REVIEW—QUESTIONS PRESENTED.

Where the petition for an injunction, restraining the county attorney and others from putting into effect the poolroom law, pending contest of an election at which it was determined not to license pool tables, did not allege the unconstitutionality of the statute, that question need not be determined upon appeal from an order denying the injunction, particularly as, if the entire statute is unconstitutional, petitioners may interpose that defense against whatever proceedings may be brought for its enforcement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1035–1052, 1099, 1100; Dec. Dig. § 170.*]

2. INJUNCTION (§ 105*)—CRIMINAL PROSECUTION—ADEQUATE REMEDY AT LAW.

The enforcement of an unconstitutional criminal statute will not be enjoined, for, if it is unconstitutional, that defense may be interposed in any proceedings to enforce it, and hence the party has an adequate remedy at law.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 178, 179; Dec. Dig. § 105.*]

3. LICENSES (§ 7*)—STATUTES—VALIDITY.

The provision of the poolroom statute (Acts 33d Leg. c. 74, § 11) that, if the result of the election be in favor of prohibiting pool halls, a contest shall not suspend the enforcement of the law pending such contest, is constitutional, for, while it may work a hardship on those engaged in running poolrooms, yet if a contest suspended the enforcement of the law, the law, though validly adopted, might never go into effect, because the contest might be pending until a subsequent election when determination might be in favor of the licensing of pool halls.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 7–15, 19; Dec. Dig. § 7.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Petition by C. E. Winn and others, for an injunction against A. D. Dyess, County Attorney, and others. From an order denying an injunction, plaintiffs appeal. Affirmed.

J. F. Hair, of Belton, for appellants. Durrett & Dyess and Edmund Heinsohn, all of Temple, for appellees.

KEY, C. J. This is an appeal from an order made by a district judge refusing to grant a writ of injunction. The petition sought an injunction against the county attorney, the county judge, the sheriff, and the county clerk of Bell county. It alleged, in substance, that on February 9, 1914, a petition was filed asking the commissioners' court of Bell county to order an election to determine whether or not poolrooms should be prohibited in that county; that the election was ordered and was held on the 7th day of March, 1914; and that on the 18th day of the same month, the commissioners' court, after canvassing the returns and declaring the result, entered an order upon its minutes, declaring said election to have resulted in favor of prohibiting the running of pool halls in Bell county; that notice of intention to contest the election upon certain grounds stated in the petition had been properly served within the time prescribed by law; and that Troy Brown, one of the plaintiffs, had on the 30th day of March, 1914, filed a petition in the district court of Bell county to contest the election for the following reasons: (a) That the petition upon which the election was ordered did not contain the signature of 10 per cent. of the qualified voters of the county; (b) because the county clerk had failed to make a return showing that notice had been posted as required by law; (c) because the officers holding the election at four of the voting boxes had failed to make any return to the commissioners' court, but, notwithstanding such failure, the commissioners' court had considered the vote at such boxes in passing upon the result of the election; (d) because the judges who held the election were not furnished with poll tax lists of the voters, as the law requires. It is also alleged in the petition that each of the six plaintiffs was engaged in the operation of a pool hall in Bell county, and had invested more than $1,000 in tables, furniture, and fixtures for the purpose of conducting such business, and that the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

total amount so invested by the six plaintiffs would aggregate approximately the sum of $10,000. It is also alleged that each of the plaintiffs had paid his occupation taxes, and had procured licenses authorizing him to pursue the occupation of running pool halls in Bell county, without stating when such licenses were issued or when they would expire, otherwise than in the general allegation that "said licenses have not expired and will not expire for some time in the future." It was also alleged that the plaintiffs had leased premises in which they were conducting such pool halls, and that they had an interest and estate in the premises so leased to the extent of the term of their leases, but they did not state the time covered by such leases. The petition also contained an allegation to the effect that in ordering the election the commissioners' court acted solely upon the petition asking for the election, and did not order the election upon its own motion, and because the members of the court deemed it expedient so to do. It was also alleged that the plaintiffs had long been engaged in the business of running pool halls at their respective places of business, and had acquired a valuable good will, and that if the defendants were not restrained from the enforcement of the poolroom law enacted by the Thirty-Third Legislature (Acts 33d Leg. c. 74), pending the contest which had been inaugurated, the plaintiffs would be compelled to cease operating and conducting their business pending such contest, and would thereby suffer irreparable injury and damage; and an injunction was asked to prevent the enforcement of the pool hall law pending the contest.

[1, 2] It was not charged in the petition, though it was argued by counsel for appellant in this court, that the act of the Legislature referred to, providing for local option elections in the counties and other subdivisions, to determine whether or not pool halls should be prohibited, is unconstitutional; and we do not think that this court in this proceeding is called upon to decide that question. In the recent case of Ex parte Francis, 165 S. W. 147, the Court of Criminal Appeals held that the pool hall statute does not delegate legislative power and is not unconstitutional, but is a valid law wherever it has been adopted by a majority vote of a county or other designated political subdivision. The elaborate opinion of the majority of that court was prepared by Judge Harper, and it indicates careful consideration, much ability, and great research. Judge Davidson filed a vigorous and forcible dissenting opinion, which presents the opposite view of the question as strongly as the writer has ever seen it presented by any one who has written upon that side of that controverted question. At about the same time the Court of Civil Appeals for the Fifth district in the case of Roper & Gilley v. Lumpkins, 163 S. W. 110, passed upon the same question and held

that the statute was constitutional; but, as stated before, we do not deem it necessary to pass upon that question, especially as the plaintiffs did not raise it in their petition. If the entire statute is unconstitutional, appellants will have the right to interpose that defense in whatever legal proceedings may be instituted by the county officers to enforce that law in Bell county, and therefore appellants will have an adequate remedy at law; and, having such remedy, they are not entitled to relief by injunction or otherwise from a court of equity. City of San Marcos v. International & Great Northern Ry. Co., 167 S. W. 292, recently decided by this court. When the petition was prepared counsel for appellants seem to have recognized that fact, as he did not allege in the petition that the act was unconstitutional.

[3] Assuming, then, that the Pool Hall Act is a valid law, have appellants the right to have its enforcement in Bell county suspended pending a contest instituted by them upon the ground that the provisions of the law had not been complied with in putting it into operation in that county? We think that question must be answered in the negative. It is expressly stipulated and enacted in the eleventh section of that law that, if prohibition has carried, a contest shall not suspend the enforcement of the law pending such contest. While it is not so alleged in their petition, appellants are driven to the necessity of contending that the provision of the statute referred to is unconstitutional; and, inasmuch as they have not so charged nor pointed out what constitutional provision, state or national, it contravenes, we might decline to pass upon its constitutionality. However, it seems to us that such a limitation upon the right to contest an election does not contravene any constitutional provision, either federal or state. The same provision is incorporated in the general statute of this state (and perhaps of all others), providing for contest of the election of officers, and it is also part of the statute authorizing contests of local option elections held for the purpose of prohibiting the sale of liquor, and we know of no instance in which such provisions have been declared unconstitutional. Indeed, as the result of local option elections, as well as the result of elections for most state and county offices in this state, may be changed by another election within the short period of two years, if it was the law that a contest would suspend what was officially declared to be the result of an election, the contest itself might not be determined within two years; and, although it might be decided against the contestant, the result would be that the prosecution of the contest had nullified and rendered inoperative a valid election if another election had been held which resulted differently from the first. In order to prevent such a result, we think it should be held that the Legislature had the power to declare that a contest should not suspend the

operation of the law, although it may result in the hardships complained of by appellants. No scheme of government has ever been devised which does not require those subject to its laws and rules to forego some natural rights; and, in some instances, such rules and laws may result incidentally in pecuniary loss to individuals. But such results in no wise affect the validity of a law regularly enacted by the lawmaking department of a government. Hence we hold that such provisions are not unreasonable and do not exceed legislative power, although they may result in requiring individual citizens to discontinue certain pursuits and thereby sustain pecuniary losses pending a contest which may ultimately result in favor of the contestant.

Speaking for himself only, and not for the other members of the court, the writer is of the opinion that the refusal of the district judge to grant a preliminary injunction was proper, because the petition did not state a cause of action and was obnoxious to a general demurrer. The first section of the Pool Hall Act declares that the commissioners' court of each county in this state may, when they deem it expedient, and shall, when petitioned by 10 per cent. of the qualified voters of a county, etc., order an election to be held to determine whether or not poolrooms shall be prohibited. In this case, appellants' petition shows that such an election was ordered; and, while it alleges that the order was made because a petition was filed and was not made because the commissioners' court deemed it expedient, and would not have been made but for the filing of the petition, it seems, to me that those averments are immaterial. The commissioners' court had the right to order the election without any petition; and, while its minutes may show that it was ordered upon a petition, it is not believed that any other court should undertake to try out and determine what the commissioners' court would have done if no petition had been filed. Therefore, although it is alleged that the petition was not signed by the required number of voters, it is not believed that the plaintiffs' petition shows that the court was without power to order the election. If the court had, and properly exercised, the power to order the election, then clearly the petition fails to show any cause of action, because it does not allege that the other irregularities complained of in any wise affected the result of the election, which would perhaps be necessary, in the absence of statutory requirement, but which is required by the latter part of the eleventh section of the pool hall statute, which declares, in substance, that the result declared by the commissioners' court shall be the law—

"unless it is made affirmatively to appear by the contestant that but for the illegalities or irregularities complained of the result of the election would, in all probability, have been different."

The petition does allege that no official returns were made from certain voting boxes, but that those boxes were considered by the commissioners' court, but for aught that appears, all the votes that were cast at those places may have been counted and allowed against the proposition to prohibit pool halls. For these reasons, the writer is of the opinion that the petition failed to state any cause of action, which is a sufficient reason for any judge's refusal to grant a preliminary injunction, even though the plaintiff may have the right to amend his petition before the case is finally tried. As to whether such right of amendment would exist in a case of this kind after the 30 days had elapsed in which the contestant is required to serve notice upon the contestee of the ground upon which he proposes to contest the election need not be decided in this case.

As having some bearing in support of the rulings we make, and the views expressed in this opinion, we cite Lindsey & Luckett, 20 Tex. 516; Wright v. Fawcett, 42 Tex. 203; Harding v. Commissioners' Court, 95 Tex. 174, 66 S. W. 44; Greiner-Kelley Drug Co. v. Truett, 97 Tex. 377, 79 S. W. 4; Ex parte Lynn, 19 Tex. App. 293, and authorities there cited.

Our conclusion is that appellants are not entitled to a reversal, and therefore the order of the district judge is affirmed.

Affirmed.