**CITY OF RANGER v. SOUTHERN ICE & UTILITIES CO.**    (No. 1635.)

(Court of Civil Appeals of Texas. El Paso. May 8, 1924. Rehearing Denied June 5, 1924.)

1. **Injunction** ⟨key⟩85(2)—Adequate remedy at law not denied because ordinance, enforcement of which was sought to be enjoined, was claimed to be unconstitutional.

Where a city was authorized under Vernon's Sayles' Ann. Civ. St. 1914, art. 1096d, to pass ordinance making it unlawful to lay gas mains within its limits without a franchise or permit, a claim by plaintiff suing to enjoin its enforcement that its property rights are involved, in that enforcement would force it to close its ice plant and interfere with its contract to be furnished gas by a certain company, raises constitutionality of the ordinance, and it does not follow that plaintiff had no adequate remedy at law because ordinance is unconstitutional.

2. **Injunction** ⟨key⟩105(2)—Criminal prosecution not enjoined where applicant had adequate remedy at law.

Equity cannot be invoked to enjoin criminal prosecutions where applicant has plain, adequate, and complete remedy at law, and this rule applies to prosecutions under municipal ordinances wherein their validity comes directly before the court.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Suit by the Southern Ice & Utilities Company against the City of Ranger. A temporary injunction was perpetuated, and defendant appeals. Reversed and remanded.

L. H. Flewellen and Wasaff & Lyman, all of Ranger, for appellant.

Ove E. Overson, of Ranger, for appellee.

HARPER, C. J. Appellee brought this suit to enjoin and restrain the city of Ranger, a municipal corporation, from enforcing the provisions of the following ordinances:

"Section 1. It shall be unlawful for any person or persons or firms or corporations to build, lay, construct, or maintain any pipe line for conveying gas for any purpose or anywhere within the corporate limits of the city of Ranger, Texas, unless such person or persons or firms or corporations are now operating under a franchise or permit heretofore granted by said city of Ranger, Texas, or shall hereafter secure such franchise or permit from the city of Ranger, Texas, to build, lay, construct or maintain such line or lines for conveying gas.

"Section 2. Any person or persons or firms or corporations who shall hereafter build, lay, construct or maintain any pipe lines for conveying gas for any purpose or anywhere within the corporate limits of the city of Ranger, Texas, without having first obtained from the board of commissioners of the city of Ranger, Texas, a franchise or permit authorizing the same, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not less than twenty-five ($25.00) dollars and not exceeding one hundred .($100.00) dollars, and each day during the building, laying, construction or maintaining of such pipe line shall be deemed a separate offense.

"Section 3. The fact that gas is a dangerous substance and the conveyance and distribution thereof should be strictly regulated by the proper authorities of the city of Ranger, Texas, and the fact that it is necessary to protect and safeguard interests of the public and holders of franchises for the distribution and piping of gas within the corporate limits of the city of Ranger, Texas, creates an emergency requiring the rule that ordinances be read at more than one meeting of the city commission be suspended, and said rule is here now suspended, and this ordinance shall take effect and be in force from and after its passage."

The allegations are that the plaintiff is engaged in the manufacture of ice and is operating its plant in the city of Ranger and that in the operation of its business it is necessary for it to be supplied with gas for fuel, and in order to procure gas it is necessary to have and maintain a gas line from the main supply of gas to its ice plant; that said ordinance is unreasonable, ex post facto, in that its enforcement would interfere with the existing rights of plaintiff, established prior to the passage of the ordinance; that it had entered into a contract April 24, 1923, for the furnishing and delivery of gas to its ice plant for the period of three years; that

in complying with said contract it laid a gas line on June 8, 1923, from the main line of the Hagerman Refining Company to its ice plant; that it was laid prior to the passage of the ordinances; that in laying and maintaining the line it had complied with all regulations for protection against any hazard in that it is buried in the earth; that the ordinances were passed for the purpose of injuring plaintiff in its business, and to compel it to purchase gas from the Ranger Gas Company, which is a rival company of the Hagerman Refining Company; that to enforce the ordinance would compel plaintiff to discontinue operations as a manufacturer of ice and will deprive it of enjoyment of its investment and it will suffer irreparable injury and that it has no adequate remedy at law.

Defendant answered by general and special exceptions and general and special denials, and specially alleged that plaintiff knew at the time it laid the pipe line that the Hagerman Refining Company had no right to sell gas within the city limits of the city of Ranger; that plaintiff's manager met with the commissioners of the city and asked for a permit to lay the pipe line, and the commissioners agreed to issue the permit if it would comply with the requirements of other sellers of gas, and this he refused to do, and thereupon they gave plaintiff notice that it could not lay the pipe line and convey gas into the city, and other matters not necessary to note.

A temporary writ was granted and upon motion to dissolve the cause was tried upon its merits, by the court without a jury, and the writ perpetuated.

Whilst there is nothing in the pleadings showing in what manner the city was attempting to enforce the ordinance, the evidence shows that a complaint was filed against plaintiff's manager charging him with a penal offense for violation thereof. The two first propositions assert that:

"It having developed from the pleadings and the evidence that appellee had an adequate remedy at law, appellee is not entitled to relief by injunction, unless and until it is threatened with irreparable injury to real or personal property as a result of the enforcement of the ordinance. This the appellee failed to do, so the temporary injunction should have been dissolved."

[1, 2] That the appellant was authorized to pass this ordinance under article 1096d, Revised Statutes, and that it was duly and regularly enacted is not questioned, but appellee insists as a counter proposition that its property rights are involved in that to enforce the ordinance will force it to close its ice plant, and will interfere with the enforcement of its contract to be furnished gas by the Hagerman Refining Company. These but raise the constitutionality of this ordinance, and it does not follow that the plaintiff has not an adequate remedy at law because the ordinance is unconstitutional. The powers of courts of equity cannot be invoked to enjoin criminal prosecutions where the applicant has a plain, adequate, and complete remedy at law. This rule has been applied to prosecutions under municipal ordinances. The validity of the ordinance comes directly before the court in the case of prosecution for an offense. Of course, if the ordinance is void for any reason courts of equity will grant the relief, but it does not appear from this record that the ordinance is for any reason void. City of Breckenridge v. McMullen (Tex. Civ. App.) 258 S. W. 1099; City of Houston v. Richter (Tex. Civ. App.) 157 S. W. 189; City of Tyler v. Story, 44 Tex. Civ. App. 250, 97 S. W. 856; Winn et al. v. Dyess (Tex. Civ. App.) 167 S. W. 294.

The statute under which this city was organized, at least asserted by appellant and not denied, gives the appellant authority "to prohibit the use of any street, alley," etc., "by * * * any gas company * * * without first obtaining consent of governing authorities," etc.; "to construct and operate its own gas or electric lighting plant," etc.; "to have exclusive dominion, control and jurisdiction in, over and under the public streets." And it is in evidence that appellee's pipe line crosses one of the public streets.

Since we have concluded that the writ of injunction was improperly issued under the record before us, we refrain from expressing any opinion as to other questions of law, such as whether appellee may lawfully be prohibited from maintaining its pipe line wholly upon private property.

Reversed and remanded.